PER CURIAM.
This is an appeal from a judgment of conviction and commitment to the Department of Health and Rehabilitative Services for two counts of sexual battery pursuant to section 794.011(2), Florida Statutes (1983). The sole point on appeal is whether the trial court abused its discretion in declaring that the three year old victim, James Gillespie, was competent to testify as a witness against appellant.
Appellant, M.A., was charged by a petition for adjudication of delinquency alleging two counts of sexual battery on a child under the age of eleven. An adjudicatory hearing was held, and the trial court found the appellant guilty of both charges of delinquency. A predisposition report was filed recommending that the appellant be committed to the Department of Health and Rehabilitative Services and ranking the alternatives in the following order: youth *48 ful sex offender program, family group home, and halfway house.
Without reciting the victim’s testimony at length, suffice to say that we are unable to agree with the trial judge’s assessment of the victim as a competent witness. A reading of the portion of the transcript of the hearing wherein the state attempted to qualify the victim as a competent witness, together with the testimony finally extracted from the victim after much coaxing and cajoling, demonstrates that the victim’s testimony was too unreliable to use as a basis for adjudicating appellant guilty of the charges. To be sure, there is other circumstantial evidence to be considered, but it is clear that the trial court considered the victim’s testimony along with the other evidence in determining guilt, and we are unable to conclude that the trial judge would have found appellant guilty without the testimony of the victim.
Accordingly, we hold it was reversible error to admit the testimony of the victim, and remand the cause to the trial court for a new adjudicatory hearing and delinquency determination.
REVERSED AND REMANDED.
DOWNEY, ANSTEAD and BARKETT, JJ., concur.